UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

ROBERT HARRINGTON,

        Plaintiff,

-against-

PRESIDENT AND FELLOWS OF HARVARD COLLEGE, VICTOR CLAY, individually & MARIA MEJIA, individually,

        Defendants.

---

Index No.: 1:25-cv-10570 - ADB

**RESPONSE TO ORDER TO SHOW CAUSE**

**SARAH J. BURGER, ESQ.**, attorney at law, being duly admitted to practice law before the Courts of the Commonwealth and in the U.S. District Court, District of Massachusetts, hereby affirms upon the penalty of perjury:

1. I am an attorney for the plaintiff ("plaintiff" or "Harrington") in the above-entitled action and as such am familiar with all the facts and circumstances heretofore had herein.

2. I submit this Response to your Honor's Order to Show Cause dated June 10, 2025 regarding service of the Complaint and apologize for the oversight.

3. This action was commenced by Plaintiff with the filing of a Complaint, Civil Action Cover Sheet, Category Form and Proposed Summons' on March 7, 2025.

4. Prior to commencing the instant action Plaintiff filed a Complaint of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") which was jointly filed with the Equal Employment Opportunity Commission on or about June 15, 2022.

5. Defendants have been represented by the law firm Morgan Brown & Joy throughout the MCAD proceeding and have responded to the allegations, which are nearly identical to those asserted in the Federal Complaint, through submission of a position statement.

6. After nearly three years, Harrington's MCAD Complaint remained in the investigative phase without any finding. Accordingly, due to the immense delay in processing Harrington's administrative Complaint, Harrington submitted a request to withdraw his case from MCAD on March 6, 2025, so he could pursue his claims in Court to ensure timely causes of action.

7. It has been my practice to serve the Summons and Complaint following receipt of the administrative dismissal. It was an oversight that the ninety (90) days passed without receipt of the dismissal. My office has followed up on our request and to date the request to withdraw has never been acknowledged or responded to by MCAD.

8. While Federal Rule of Civil Procedure 4(m) requires that defendants be served within ninety (90) days after the Complaint is filed, the rule does not require dismissal for untimely service and grants the Court even in the absence of good cause, broad discretion to order that service be made within a specified time. Crispin-Taveras v. Municipality of Carolina, 647 F.3d1, 7 (1st. Cir. 2011).

9. The determination of whether to extend the time for service of process is based on a number of factors, including whether the party to be served received actual notice of the lawsuit, whether the defendants would suffer prejudice and whether plaintiff would be severely prejudiced if his complaint were dismissed. Riverdale Mills Corp. v. U.S. Depart of Transp., 225 F.R.D. 393 (Dist Ma 2005)(citing In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).

10. Here, in addition to being informed of the claims through the MCAD process, it is

believed that defendants have actual notice of the lawsuit as it was publicly reported in both the Boston Herald on March 12, 2025 and in the Harvard Crimson on March 13, 2025. Further, the defendants would suffer no prejudice by allowing plaintiff an extension of time in which to formally serve the parties and file proof of service. Last, and most importantly, plaintiff would suffer prejudice if his complaint were dismissed because the dismissal would effectively time bar plaintiff's claims.

WHEREFORE, for all the reasons stated herein, plaintiff respectfully requests an additional thirty (30) days to effectuate service and file proof of same with the Court.

Dated: June 17, 2025

*[signature]*

Sarah J. Burger, Esq.
MA Bar Roll No. 569370